**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:19-cr-265-MOC-DCK**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **CHRISTOPHER DAVID BROWN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Unopposed Motion for Early Termination of Supervision. (Doc. No. 41).

### I.      BACKGROUND

Defendant pled guilty on January 27, 2020, to a two-count Bill of Information alleging conspiracy to distribute and possess cocaine and cocaine base and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and 841(a)(1). (See Acceptance and Entry of Guilty Plea, Doc. No. 15). The charges arise from Defendant's attempt to smuggle 932 grams of powder cocaine and 28.40 grams of crack cocaine through the Charlotte-Douglas International Airport (CLT) on January 13, 2019. Defendant arrived at CLT on a flight from Los Angeles with the cocaine in his checked baggage. The drugs were discovered when a drug canine altered to Defendant's suitcase. Defendant consented to law enforcement's search of the bag and admitted that he was delivering cocaine from Los Angeles to South Carolina.

This Court imposed a sentence of 36-months confinement and four-years supervised release. In reaching its sentence, the Court considered Defendant's physical and mental disabilities. Defendant served his prison sentence at FCI Fort Dix in New Jersey. He was

1

released on or about June 30, 2022 and began supervision in the District of South Carolina.

## II.  DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted).

"One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

Defendant's request for early termination of supervision cites his full employment, active participation in his children's activities and education, and family counseling. (Doc. No. 41). Government notes in its response that it consulted with Defendant's Probation Officer who is not opposed to early termination of Defendant's supervised release. Defendant's Probation Officer

2

reports that Defendant has maintained a stable residence and steady employment throughout supervision. Defendant has been employed at the same job since beginning supervision and was promoted to manager. He has been drug tested several times and has never tested positive for drug use. Defendant's vehicle has an interlock device to detect alcohol and he has never had any violations. Defendant has paid all court-ordered assessments. Defendant has now served approximately 26 months of his 48-month term of supervision and is eligible for early termination of supervised release. This Court finds that early termination is appropriate in this case.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Early Termination of Supervision, (Doc. No. 41), is **GRANTED**.

Signed: August 28, 2024

Max O. Cogburn Jr.
United States District Judge

3